UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              Case No.:    2:18-cr-92-SPC-NPM-1

HECTOR E. PENA

_____

## **OPINION AND ORDER**

Before the Court is Defendant Hector E. Pena's Motion for Early Termination of Probation.  (Doc. 125).  The United States responded in opposition.[1]  (Doc. 128).  For the following reasons, the Court denies the motion.

On June 20, 2018, Defendant, along with codefendant Jordan M. Bennett, was charged by indictment with six counts.  (Doc. 3).  The charges consisted of two counts of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1), three counts of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and one count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Defendant pled guilty to all counts without a plea agreement.  (Doc. 63, Doc. 87 ¶ 10).  The Court sentenced Defendant to 87 months' imprisonment.  (Doc. 91).  Defendant was released on August 14, 2024, and began a three-year

---

[1] The United States Probation Office does not oppose Defendant's request and defers to the Court's judgment.

term of supervised release.  (*Id.*); *see also* Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (BOP Register No. 70682-018) (last visited March 23, 2026).  Defendant has served more than half of his term of supervision.

Defendant moves for early termination of his supervised release. Defendant's probation officer indicates that Defendant has been compliant with the conditions of his release.  Defendant is employed, including full-time work for a pressure washing company and additional part-time work for Dave and Buster's.[2]  (Doc. 125 at 2, 3).  He has passed all drug tests administered during his release.  (*Id.* at 1).  He also cares for his teenage daughter, over whom he has sole custody.  (Doc. 125 at 1, Doc. 128 at 4).  Based on his compliance with probationary conditions and good behavior, Defendant requests early termination of his supervised release.

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]"  18 U.S.C. § 3583(e)(1).  The relevant Section 3553(a) factors include (1) the nature and circumstances of the offense; (2) the

---

[2] Defendant attaches letters from his employers and family members, as well as two educational certificates to his motion.  (Doc. 125 at 2–9).

defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.    *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

After considering the law against the record, the Court denies the motion for early termination of supervised release.    Although the Court recognizes that Defendant continues to follow all conditions imposed on him, and is making positive strides, his behavior to date is "the Court's minimum expectation of him."    *United States v. Otano*, No. 2:13-cr-89-SPC-NPM, 2023 U.S. Dist. LEXIS 220771, at *3 (M.D. Fla. Dec. 12, 2023); *see also United States v. Cadavid*, No. 8:17-CR-267-VMC-MAP, 2022 WL 1805148, at *2 (M.D. Fla. June 2, 2022) ("[E]arly termination of a period of supervised release is only occasionally justified, such as when a defendant exhibits exceptionally good behavior.").

The nature of Defendant's offenses, his criminal history, and the need to protect the public also warrant continued supervision.    Defendant has a significant criminal history.    Of note, he has a prior conviction for a robbery in which he assaulted the victim repeatedly.    (Doc. 87 ¶ 44).    He also has

convictions for firearm and drug-related offenses. (*Id.* ¶¶ 43, 44, 51). Additionally, Defendant has violated the terms of his probation on six occasions. (*Id.* ¶¶ 41, 43, 44, 47, 49, 50). As the Government notes, some of Defendant's violations involved the commission of new offenses. (*Id.* ¶¶ 43, 44). Not only that, Defendant committed the instant offenses after a lengthy period without engaging in criminal activity. So, in context, his compliance with conditions of supervision for under two years is not indicative of future good behavior. Given his criminal history and previous violations of supervision, the Court finds that keeping Defendant on supervised release is in the best interests of justice, Defendant, and the public.

Accordingly, it is

**ORDERED**:

Defendant Hector E. Pena's Motion for Early Termination of Probation (Doc. 125) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4